IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICHARD L. HUSKEY                                                                                          PLAINTIFF

v.                                          4:15-CV-00182-JLH-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Richard L. Huskey, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision. After carefully considering the record as a whole, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was thirty-five years old at the time of the administrative hearing. (Tr. 34) He has no past relevant work. (Tr. 20) He alleges disability due to a combination of impairments. (Tr. 137)

The ALJ[1] found Mr. Huskey had not engaged in substantial gainful activity since March 10, 1995, the alleged onset date. (Tr. 13) He determined Mr. Huskey has "severe" impairments in the form of "burns to his lower extremities, attention deficit/hyperactivity disorder and adjustment disorder with anxiety and depressed mood." (*Id.*) The ALJ further found Mr. Huskey did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (*Id.*) The ALJ next determined Mr. Huskey had the residual functional capacity to perform a reduced range of light work. (Tr. 14) Since Mr. Huskey had no past relevant work, the ALJ used the services of a vocational expert. (Tr. 43-46) Given the vocational expert's testimony, the ALJ ascertained Mr. Huskey could perform work that exists in significant numbers in the national economy. (Tr. 21) Specifically, the ALJ concluded Mr. Huskey could perform that job of light cleaner/housekeeper and lampshade assembler. (*Id.*) Accordingly, the ALJ determined Mr. Huskey was not disabled. (Tr. 21-22)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2)

In support of his Complaint, Plaintiff disagrees with the ALJ's residual functional capacity

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

assessment. (Pl.'s Br. at 8-12) The residual functional capacity assessment is largely based on the medical evidence and the ALJ's credibility assessment. (Tr. 14-20) "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). Understandably, Plaintiff argues the ALJ's assessment in this case was flawed.

The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-7p. (Tr. 17) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff clearly suffers from limitation with the combination of his impairments. However, the objective medical records simply fail to support Plaintiff's claim of complete disability.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff has undergone several medical and psychological evaluations. (Tr. 699-706, 708-715, 720-722, 726-738, 740-742, 746-747) Although these doctors have noted limitation, these evaluations fail to show Mr. Huskey is precluded from all work related activities. The ALJ clearly evaluated all of the medical evidence (Tr. 15-20) and I find no basis to reverse his well reasoned residual functional capacity assessment.

Plaintiff's best evidence is from the Mental Diagnostic Evaluation performed by Larry Clarke, Ph.D. (Tr. 708-715) Dr. Clarke noted Plaintiff had significant mental impairments that would likely impact his ability to perform work related activities. This supports Plaintiff's allegation of disability. But, as the Commissioner agues, Dr. Clarke's opinion also supports the ALJ's determination. Dr. Clarke noted that Mr. Huskey's "responses to cognitive portions of the evaluation suggests he has the mental and cognitive skills to deal with *basic* work-like tasks. His ability to deal with complex instructions is questionable." (Tr. 714) Although the ALJ discounted Dr. Clarke's opinions somewhat, what evidence to believe and what weight to give it is the prerogative of the fact-finder, within broad limits. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). The trier of fact had the duty to resolve conflicting medical evidence, *Richardson v. Perales*, 402 U.S. 389, 399 (1971), and his assessment of Dr. Clarke's report was appropriate.

So given the difference between Plaintiff's subjective complaints and the lack of supporting medical evidence, combined with the lack of restrictions placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole). The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's residual functional capacity determination.

I have also considered Plaintiff's argument that the Commissioner failed to meet her burden at Step Five. I agree that it appears Plaintiff's acuity issues would prevent him from performing the job of lampshade assembler. However, as the Commissioner notes, the ALJ also determined Plaintiff could perform the job of light cleaner/housekeeper. So I find no reversible error at Step 5.

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE